ABRAHAM SCHUCHATOWITZ, Appellant, *v.* MORRIS LEFF, Respondent.

First Department, February 8, 1929.

*Jerome Michael* of counsel [*Howard Myers* with him on the brief], for the appellant.

*Theodore H. Lord* of counsel [*Leo C. Kelly*, attorney], for the respondent.

MERRELL, J. The action was to recover for personal injuries which plaintiff alleges he sustained by reason of the negligence of the defendant. On April 1, 1926, the defendant operated a private hospital at 15 East One Hundred and Eleventh street, New York city, occupying a six-story building, and had operated the same for many years prior to that date. The plaintiff was a Jewish rabbi, and had been five years in this country. A sister of plaintiff had been an inmate of defendant's hospital for four years prior to April 1, 1926, the date when plaintiff was injured, and during this period the plaintiff had been accustomed to make weekly visits to the hospital to call upon his sister. A daughter of plaintiff's sister was the general office manager of the defendant's hospital. This manager,

Dora Leff, testified that on April 1, 1926, at about twelve-thirty P. M., the plaintiff called at the hospital and asked for his sister, and if he could go up and see her. He was told by Miss Leff that he could go right ahead and go up and see his sister, who was on the sixth floor. She testified that the plaintiff then started back towards the elevator, and that the next thing she knew he was being carried from the basement by several attendants, and that the bones of his right leg were broken and sticking through the skin and flesh. Plaintiff testified that prior to April 1, 1926, he had been going to the hospital frequently for four years. He testified that when he first went there the defendant told him he should not be afraid to use the elevator; that when he went to the elevator and the door was open, he could safely enter the elevator; that he could operate it himself by pulling the rope; that the elevator would take him to the fifth floor, and that the elevator did not go higher than the fifth floor. Plaintiff was asked: " Did he explain anything further to you about the operation of the elevator? A. He told me to just pull the rope and the elevator would go. Q. And did he tell you what to do after you entered the elevator? A. To close the doors. Q. And did he explain why? A. He told me that if the door of the elevator is open the elevator won't move."

The evidence showed that there was no operator of the elevator on duty excepting during visiting hours, which were from one o'clock until three in the afternoon and from six until nine in the evening each day, and that on other occasions as the elevator was needed it was operated by nurses or any one who wished to use it. The mechanism of the elevator was shown to have been operated by electricity, and that when in proper order the elevator could only be started up or down when the doors to the elevator shaft were closed and the door to the car itself was closed; that when the doors were open the elevator would not move. Plaintiff testified that prior to April 1, 1926, he had used the elevator many times, approximately twenty, thirty or forty times, and every week after he had his talk with the defendant in which defendant told him that if the door of the elevator was open the elevator would not move. Plaintiff testified that the day when he received his injuries, April 1, 1926, was a bright, sunshiny day; that after talking with his niece he walked back towards the elevator and saw that the elevator shaft door was open about an inch and a half. The testimony of the niece was to the effect that the elevator car itself was always lighted, a light being suspended from the ceiling of the car. The evidence also showed that immediately back of the elevator shaft, separated by a glass partition, was a light on a stairway which was substantially in the same line of vision of one standing in front of the

elevator entrance as the light in the elevator car when at the ground floor. Plaintiff testified that as he approached the elevator car he saw that the door was part way open. It was a sliding door, and he testified that the door was open about an inch and a half; that he looked into the elevator shaft and saw what he thought was the light in the elevator car itself, but which in fact proved to be the light on the stairway beyond; that he took hold of the door and it easily slid open and he stepped into what he thought was the elevator car, but there was no elevator there, and he plunged down the elevator shaft upon the machinery of the elevator beneath on the basement floor, receiving the injuries of which he complains. Plaintiff's testimony was as follows: " Q. Well, after you opened the door of the elevator did you look to see if there was any floor of the elevator car there? A. I had no time to look. As soon as I opened the door and as I stepped inside, I already had fallen. * * * Q. You say that when you opened the elevator door on the ground floor the elevator was not there; is that right? A. I didn't look to see whether it was there or not, because as I stepped in it was already too late, and I had fallen."

The ability of plaintiff to pass through the door of the elevator shaft, which he found partly open when the car had ascended to an upper floor, demonstrates that the mechanism of the elevator was at the time out of order. The evidence was sufficient to have justified the jury in finding the defendant negligent. At the close of plaintiff's testimony counsel for defendant moved for dismissal of the complaint upon the ground that plaintiff had failed to prove facts sufficient to constitute a cause of action against defendant, and that plaintiff had failed to show freedom from contributory negligence on his part. The court granted the motion of the defendant, stating: " I am constrained to dismiss the complaint in this case, under the authority of *Murphy* v. *Stanley Court Realty & Construction Company*, 211 App. Div. page 26. The evidence in this case is quite clear that the plaintiff, after having opened the door to the elevator, walked into the shaft without looking." Upon such dismissal the judgment appealed from was entered.

It seems to me that the facts proven at the trial presented a question of fact for the determination of the jury as to whether or not the plaintiff was guilty of contributory negligence. I do not think it can be said, under the circumstances, that the plaintiff was guilty of contributory negligence as matter of law. Ordinarily the plaintiff would be obliged to exercise due care and could not recover where he blindly walked into the elevator shaft without looking to see if the car was there, but there were other circumstances proven in this case which seem to me to require submission to the

jury of the question as to the plaintiff's negligence. It was shown that the defendant had told the plaintiff that the car could not be moved if the door was open. An abundance of evidence was given at the trial that there could be no movement of the car under the electric mechanism where the doors were open. I think, therefore, that the plaintiff was not without justification in stepping through the door of the elevator shaft which he found partly open, when in effect he had been told by defendant that the car could not be moved unless the door was closed. At least, I think the jury might have found that he did not act negligently in assuming, under the instructions which he had received from defendant, that the car was, in fact, there, when he stepped through the door. The jury might have found that the plaintiff was deceived by the presence of the light back of the elevator shaft and believed that the light which he saw was the light within the elevator car.

I am, therefore, of the opinion that the court below erred in holding, as matter of law, that the plaintiff was guilty of contributory negligence, and that the evidence required the submission to the jury of the question as to whether or not the plaintiff was guilty of contributory negligence.

The judgment appealed from should, therefore, be reversed and a new trial granted, with costs to the appellant to abide event.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.