■ ELLA PUGH et al., Respondents, v. BERTHA WEBER et al., Defendants, and OTIS ELEVATOR Company, Appellant.— In an action to recover damages for personal injuries, medical expenses and loss of services, defendant Otis Elevator Company appeals from a judgment of the Supreme Court, Queens County, entered October 18, 1966 in plaintiffs' favor upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. Plaintiff wife was injured when she tripped and fell as she was leaving the elevator in an apartment house owned by the individual defendants. The elevator was serviced by defendant Otis, under a maintenance contract with the owners. The action was settled during trial as against the owners. The proof established, as the jury could have found, that the elevator stopped several inches below the level of the hallway and that the elevator door closed rapidly, as plaintiff wife was attempting to leave the elevator. In our opinion, questions of fact were presented, for determination by the jury, as to whether those conditions were dangerous and whether Otis was negligent in the performance of its contract in failing to correct them (cf. *Kelly* v. *Watson Elevator Co.*, 309 N. Y. 49; *Wisner* v. *Harmas Holding Corp.*, 1 A D 2d 957; *Koch* v. *Otis Eleator Co.*, 10 A D 2d 464). However, under the court's charge the jury was also permitted to find that Otis was negligent in failing to correct defective brakes or to advise the owners that new brakes should be installed. We are of the opinion that the charge in that respect was erroneous, since there was no proof whatever that the brakes were defective and no such claim had been advanced by plaintiffs. Moreover, assuming without deciding that Otis had a duty under its contract to advise the owners that equipment should be replaced, we are of the view that the breach of that duty would not give rise to a cause of action in negligence in favor of nonparties to

the contract (cf. *Melodee Lane Lingerie Co.* v. *American Dist. Tel. Co.*, 18 N Y 2d 57, 63–64; *Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167, 168; *Wroblewski* v. *Otis Elevator Co.*, 9 A D 2d 294, 296–297). On the record presented, therefore, the theories of liability predicated upon the presence of defective brakes should not have been submitted to the jury. Since they were erroneously submitted and there was was merely a general verdict, the judgment must be reversed as we have no way of determining upon which theory the case was decided (*Goldstein* v. *New York Cent. R. R. Co.*, 19 A D 2d 835). Christ, Acting P. J., Brennan and Hopkins, JJ., concur; Benjamin and Munder, JJ., dissent and vote to affirm, with the following memorandum: Plaintiff Ella Pugh was injured when she tripped and fell while leaving an elevator serviced and maintained by defendant Otis in a building owned by the individual defendants. The accident occurred because the elevator had stopped two or three inches below the level of the landing, and the door closed too rapidly. The complaint alleged that all the defendants were negligent in the maintenance of the elevator, in permitting it to become and remain in a defective and dangerous condition and in failing properly to inspect, maintain and service it. The bill of particulars alleged that the elevator " functioned improperly causing a difference to exist between the floor of the elevator and the landing " and that it " was not equipped with proper safety appliances or same were not maintained, serviced, repaired, adjusted and inspected ". The elevator is an old type, installed in 1929. It has no self-leveling device. Its leveling is affected by the weight or number of people in the elevator; and its brake is affected by the weather and the temperature. It is brought to a stop by a switch that makes a contact while the car is running, and opens up when the car is supposed to stop at a floor; when the contact is opened, another switch cuts off the power from the motor and the brake and the car slides to a stop. As previously noted, this accident happened when the elevator stopped two or three inches below the level of the landing. There was ample proof that the elevator had been stopping in this manner for a few weeks before the accident; and there was also testimony that it had been inspected by Otis on the day before the accident. In light of the allegations in the complaint and bill of particulars, and the proof that the stopping and leveling of the elevator depended in large part upon the brakes, we do not believe it was error for the court to charge the jury that it might find for plaintiffs if it concluded that defective brakes had caused the accident and that Otis was negligent in failing to correct them or to advise the building owners to install new ones. And on the question of Otis's obligation, it should be noted that this case involves not a failure to inspect, but a failure properly to maintain the elevator. In any event, even if we were to assume *arguendo* that the court's charge was erroneous in the respect indicated by the majority, we would still vote to affirm the judgment, because in our opinion the proof of negligence was so overwhelming that the claimed error could not possibly have affected the result or been materially prejudicial to Otis.