624

■ SUSAN E. SMITH, Respondent, v. JAY APARTMENTS, INC., Appellant and Third-Party Plaintiff-Appellant. OTIS ELEVATOR COMPANY, Appellant and Third-Party Defendant-Respondent.— HERLIHY, P. J. Appeals from a judgment of the Supreme Court, entered December 19, 1968 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff and third-party defendant. Plaintiff recovered a judgment upon a jury verdict against both defendants in a personal injury case. Plaintiff proceeded on the basis of *res ipsa loquitur*. Defendant Jay lost its cross claim based on negligence against Otis. Both defendants appealed plaintiff's judgment and Jay appeals the judgment dismissing its third-party complaint against Otis. The plaintiff, a tenant on the fifth floor of defendant Jay's apartment house, was injured in Jay's self-service elevator, as she attempted to enter it. It is established that the elevator was designed so that the outside door thereof would not open unless the elevator was in a position of being level with the floor. However, on December 16, 1964, the plaintiff opened the door and fell to the bottom of the elevator which was two feet below the floor level. The hallway and the interior of the elevator were illuminated with artificial lighting, but the plaintiff did not look as she entered the elevator and failed to notice that it was not at floor level until she had fallen. It was further established that the plaintiff had never experienced such a difficulty with the elevator in the past. On prior occasions, upon opening the door the elevator had been at the fifth floor level. The appellants contend that upon the above facts the plaintiff is guilty of contributory negligence as a matter of law. However, the jury could have found that the plaintiff was entitled to rely upon the self-regulating mechanism of the elevator and that her failure to observe what was patently in front of her was not under the circumstances contributory negligence. (See *Tousey* v. *Roberts,* 114 N. Y. 312, 316; *Schuchatowitz* v. *Leff,* 225 App. Div. 574, 576, 577; *Hanson* v. *Bloomingdale Bros.,* 13 A D 2d 1007; cf. *Woolfolk* v. *Eisenberg,* 215 N. Y. S. 2d 941.) Contrary to the contention of the defendant Otis, the doctrine of *res ipsa loquitur* is applicable to it even though it was not in exclusive control of the elevator at the time of the accident. (See *Corcoran* v. *Banner Super Market,* 19 N Y 2d 425, 431, 432.) Upon the present record the defendant Jay did not fully rebut the inference arising under *res ipsa loquitur* by showing that it fulfilled its duty of care to the plaintiff as a matter of law. There was testimony that this type of malfunction of the elevator had occurred on a previous occasion and the jury could have found that the defendant Jay had actual notice of such a defective condition. Further, the defendant Jay was not necessarily guilty merely of passive negligence because if the jury found actual notice of this particular defective condition and as appears in this case it gave no warning to the users of the elevator of such a defective condition, it may then be found to be *in pari delicto* with the original wrongdoer. (See *Jackson* v. *Associated Dry Goods Corp.,* 13 N Y 2d 112, 116, 117). Upon the present record Jay would be negligent by virtue of being in control of the premises and its duty to the tenant if the defendant Otis were liable for a failure to discover and correct a defect in the elevator. Under such circumstances the court correctly charged that a verdict in favor of the plaintiff would be against both Jay and Otis. (See *Hawk* v. *State of New York,* 283 App. Div. 225, 227, affd. 307 N. Y. 788; *Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, 417, affd. 298 N. Y. 686.) It is also apparent that a jury could not find that Jay alone was liable. It further appears that the court adequately defined and distinguished active and passive negligence for the consideration of the jury and that the verdict was not excessive. Judgment affirmed, with costs to the plaintiff-respondent. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, P. J.