■ THERESA A. PETERS, Respondent, v TROY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant. — Kane, J. P. Appeals from a judgment of the Supreme Court in favor of plaintiff, entered April 25, 1984 in Rensselaer County, upon a verdict rendered at Trial Term (Cholakis, J.), and a decision of the court directing that Troy Housing Authority have judgment on its claim against Otis Elevator Company.

On June 28, 1979, plaintiff fell as she exited an elevator located in her apartment building. According to plaintiff, when the elevator stopped at her floor, she stepped into the hallway with her left foot and fell to the floor, injuring her left ankle and

left elbow. Plaintiff stated that after she fell, she looked back at the level of the elevator with respect to the hall and observed that it had stopped about six inches above the floor. On July 10, 1979, plaintiff was examined by an orthopedic surgeon who diagnosed plaintiff as having sustained, among other injuries, a hairline fracture of the left ankle, together with ligament damage. Plaintiff retained persistent symptoms of her injuries and, at trial, plaintiff's doctor opined that plaintiff had a permanent injury to the ankle.

In due course, plaintiff commenced this action against Troy Housing Authority (the Authority), the owner of the apartment building, seeking recovery for her injuries. The Authority then commenced a third-party action against Otis Elevator Company (Otis), and plaintiff thereafter served an amended complaint adding Otis as a defendant. The third-party action was based upon the fact that Otis was contractually obligated to maintain the passenger elevator in question. In this contract, Otis agreed, *inter alia,* to periodically inspect the elevator and perform required maintenance. Pursuant to this contract, representatives of Otis testified that they inspected the subject elevator approximately twice a week.

After a trial, the jury returned a verdict against both defendants, finding specifically, however, that the elevator did not "operate within the limits for which it was designed at the time of plaintiff's accident" and that Otis was "negligent in fulfilling its maintenance contract". The jury found the full amount of plaintiff's damages to be $60,000. Plaintiff was found to be 25% at fault and, accordingly, she was awarded judgment in the amount of $45,000. Pursuant to a motion made by the Authority, the trial court awarded judgment in its favor upon the third-party complaint against Otis. These appeals by the Authority and Otis ensued.

We have reviewed the record and find the evidence sufficient to support the jury's verdict. We note that since Otis agreed to perform required maintenance and inspection functions, the judgment on the third-party complaint was proper (*Rogers v Dorchester Assoc.,* 32 NY2d 553). Finally, under the circumstances of this case, we are unable to conclude that the verdict was excessive. The judgment must, therefore, be affirmed.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.