■ THERESA LAUB et al., Respondents, v MONTEFIORE HOSPITAL AND MEDICAL CENTER et al., Respondents, and PHILIP GLOTZER, Appellant.—Judgment of the Supreme Court, Bronx County (Di Fede, J.), entered July 31, 1984, unanimously reversed, on the law and the facts, to the extent of ordering a new trial on the issue of apportionment only, without costs or disbursements, unless the defendant hospital and its codefen-

dant employees, 20 days after service upon them of a copy of the order herein, with notice of entry, serve and file, in the office of the clerk of the trial court, a written stipulation consenting to a modification of the apportionment from 95% as against defendant-appellant Philip Glotzer and 5% as against defendant-respondent Montefiore Hospital and Medical Center *et al.*, to a 50%-50% apportionment as against said parties respectively, and to the entry of an amended judgment in accordance therewith. If said defendants so stipulate, the judgment, as so amended, is affirmed, without costs or disbursements.

Plaintiff Theresa Laub was admitted to defendant Montefiore Hospital for the surgical removal of a cancerous tumor from her sigmoid colon. Following surgery, a nasogastric suction tube was inserted through Mrs. Laub's nostril into her stomach to prevent distention of the stomach. Loss of gastric juices, a possible consequence of this procedure, occurred. Mrs. Laub experienced an imbalance of various bodily fluids. The subsequent treatment by her doctor, Philip Glotzer, and the hospital and the medical team assigned to Mrs. Laub's care, is the subject of the instant case.

The jury returned a verdict for $345,000 for Theresa Laub, reduced by stipulation to $150,000, and $5,000 for her plaintiff husband, Karl Laub. We find that the liability apportionment of 95% against Dr. Glotzer and 5% against the hospital and its employees was incorrect. Both Dr. Glotzer's failure to monitor Mrs. Laub's blood chloride level and the hospital's failure to report the same to Dr. Glotzer, led to a late diagnosis of alkalosis. Dr. Glotzer subsequently ordered intravenous administration of hydrochloric acid (HCL). Both the necessary preadministration and administration procedures were performed improperly by the medical team assigned to Mrs. Laub. This caused serious burning and damage of her wrist. The burns were a result of HCL leakage from the intravenous tube through a perforation into the subcutaneous tissue. Mrs. Laub's treatment was not properly monitored. The liability for her injuries lies equally with both the doctor and the hospital and its staff. Concur—Kupferman, J. P., Sandler, Ross, Asch and Milonas, JJ.