■ Armando Saldarriaga et al., Respondents, v DeSantis Brothers et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents, and McGlynn Hays, Respondent and Second Third-Party Plaintiff-Respondent. Brus Corporation, Third-Party Defendant-Respondent-Appellant and Second Third-Party Defendant-Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J.), entered August 3, 1988, which, after a jury trial, awarded judgment to the plaintiffs, is affirmed, without costs.

While several issues were raised on the appeal, we find that only one merits discussion. It concerns the allocation of liability to each of the parties. We conclude that the jury's apportionment was correct.

The record supports the jury's apportionment of liability between the parties as follows: 65% to the defendant owners, DeSantis Brothers and Joseph DeSantis (the DeSantis defendants); 25% to third-party defendant employer Brus Corporation (Brus); and 10% to plaintiff Armando Saldarriaga.

The DeSantis defendants created the hazardous conditions which ultimately resulted in plaintiff's fall. It was at the request of Joseph DeSantis that the emergency bypass system,

which allowed for movement of the elevator cab while gates and doors were unlocked, was installed several years prior to the accident. Joseph DeSantis offered no explanation for installation of the bypass system. The DeSantis defendants failed to properly maintain the elevator, performing most of the maintenance work themselves, failed to provide an elevator operator and neglected to have the elevator regularly inspected. When notified sometime prior to the accident that the elevator was malfunctioning, rather than having it repaired, Joseph DeSantis issued keys which allowed activation of the bypass system, and made these keys available for general use. Thus, the jury had a reasonable basis for the 65% apportionment.

The president of third-party defendant Brus Corporation either directed that plaintiff obtain a bypass key from Joseph DeSantis or made one accessible to plaintiff. At the very least, he was aware that his employees used the bypass system to facilitate the loading and unloading of merchandise, an admittedly dangerous practice, and allowed that practice to continue. Thus, Brus failed to use reasonable care in maintaining a safe working environment for its employees. Thus, the jury had a reasonable basis for finding Brus 25% negligent.

As for plaintiff, the record discloses that he had been given at least minor supervisory responsibility for other Brus employees and that he had had more than 16 years of experience as a supervisor in his prior employment.

At approximately 4:30 P.M. on the date of the accident, plaintiff was notified that a truck had arrived to pick up 106 cartons of handbags. The working day for Brus employees ended at 5:00 P.M. Plaintiff testified that as was sometimes his practice during shipping, the bypass system was activated to insure against the elevator getting stuck and to level the elevator cab with the landing. He admitted that the bypass system was activated on the afternoon of the accident in order to facilitate shipping. At about 5:15 P.M., when the accident occurred, plaintiff, by his own admission, was pulling a dolly while walking backwards towards the elevator and was not looking where he was headed. Even though the plaintiff was clearly negligent, given the involvement and responsibility of the owner and the employer in the causation and continuance of the bypass system, the jury's finding of only 10% liability was reasonable.

We have reviewed the other issues raised and find them to be without merit. Concur—Carro, Asch, Smith and Rubin, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The plaintiff fell through the open door leading to an elevator shaft. He was an experienced receiving and shipping supervisor working for the third-party defendant Brus Corporation, an importer of ladies' handbags. They leased the third and fourth floors of a building owned by the defendant DeSantis Brothers.

A trucker having arrived to pick up a shipment of cartons of merchandise, the plaintiff, in order to expedite the loading onto the waiting truck at street level, used a key made available to him to deactivate the elevator's interlock system. This meant that the elevator could be operated without having to open and close the elevator car's gate and the doors on the third and fourth floors.

The plaintiff was severely injured in the accident, and the jury apportioned liability of 10% against the plaintiff, 65% against DeSantis, and 25% against Brus.

I differ with the majority on the percentage of apportionment. While a jury could find, as they did, that allowing the bypass system to be used was negligent, the plaintiff was at least equally negligent. What he did was to pull a dolly with cartons on it while his helper pushed and, with his back to the elevator door and without looking behind him, to walk backward into a nonexistent elevator, it having been moved while the dolly was being loaded for its next trip down.

Accordingly, I would reverse and order a new trial on apportionment only, unless the plaintiff files a consent to a modification of apportionment so that his share of liability is 50%. (See, Laub v Montefiore Hosp. & Med. Center, 115 AD2d 430.)