■ OLGA BIGIO, Respondent, v OTIS ELEVATOR COMPANY, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Aronin, J.), entered November 27, 1989, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $71,245.02.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, it was not error for the trial court to charge the jury on the doctrine of res ipsa loquitur. The evidence adduced at the trial established that the plaintiff fell while alighting from an elevator maintained by the defendant and that this elevator had stopped approximately two inches below the level of the landing. There was

also evidence that the elevator in question had misleveled in the past and there was expert testimony that such misleveling would not occur except as a result of a mechanical failure which was the result of a failure to properly maintain the electrical systems of the elevator. While the defense proffered evidence to the contrary on these points, the record is nevertheless sufficient for the court to have permitted the jury to consider the doctrine of res ipsa loquitur, as it was reasonable for the jury to conclude that the misleveling of the elevator was not the kind of event to occur in the absence of negligence *(see, Kelly v Watson Elevator Co.,* 309 NY 49), that the elevator was in the defendant's exclusive control as a result of a service contract with the building owner, and that the plaintiff did not contribute to the misleveling *(see, Burgess v Otis Elevator Co.,* 114 AD2d 784, *affd* 69 NY2d 623; *see also, Liebman v Otis Elevator Co.,* 127 AD2d 745; *Peters v Troy Hous. Auth.,* 108 AD2d 999; *Smith v Jay Apts.,* 33 AD2d 624).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.