■ LORETTA DEL TERZO, Respondent, v CITY OF NEW YORK, Respondent, and INNOVATIVE ELEVATOR CORPORATION, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), rendered August 22, 1991, which, after a non-jury trial, *inter alia,* found for plaintiff against defendant Innovative Elevator Corporation and apportioned liability 95% to Innovative, 5% to plaintiff and awarded plaintiff the sum of $113,129.75, unanimously affirmed, without costs.

Contrary to defendant Innovative Elevator Corporation's argument, the trial court's findings of fact which rest in large measure on considerations relating to the credibility of plaintiff and her medical witness *(see, Claridge Gardens v Menotti,* 160 AD2d 544) have support in the record, and thus will not be disturbed on appeal. Defendant was contractually obligated to maintain the subject elevator, which had been experiencing problems for a week. On the date of the then 60 year old plaintiff's injury, defendant had tried unsuccessfully for nearly three hours to correct problems related to misleveling and the skipping of floors. Nevertheless, it allowed plaintiff and other passengers to ride the elevator. When the elevator continued to skip requested floors and ascended directly to the top floor of the building, passengers began to panic.

Defendant's two employees who were on board failed to calm the passengers' fears or alert them to the fact that the cab was misleveled. Instead, they proceeded to manually open the door. At this point, plaintiff rushed out of the cab which was one foot above the floor, and fell, sustaining permanent injuries. Under these circumstances, the trial court's apportionment of substantial fault to defendant elevator maintenance corporation was entirely proper *(see, Bigio v Otis El. Co.,* 175 AD2d 823), and its dismissal of defendant's claim against the owner of the premises, City of New York, was also proper *(see, Mas v Two Bridge Assocs.,* 75 NY2d 680).

The trial court's award of $70,000 for past pain and suffering (9 years) and $48,000 for future pain and suffering (12.6 years) prior to reduction for comparative negligence does not deviate from reasonable compensation *(see,* CPLR 5501 [c]).

We have considered defendant-appellant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.