■ CARLOS CARRASCO, Appellant, v MILLAR ELEVATOR INDUSTRIES, INC., Respondent. [758 NYS2d 679] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 21, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was injured when he became trapped for one hour in an elevator that passed the floor he designated, stopped suddenly at another floor, and then began to shake and vibrate. The plaintiff commenced this action against the

defendant, the company retained to service and maintain the elevator, claiming that the elevator malfunctioned due to the defendant's negligent failure to maintain it in a safe condition. The defendant successfully moved for summary judgment dismissing the complaint, and this appeal ensued.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Morales v Hefran Realty Co.*, 202 AD2d 407 [1994]). The defendant established prima facie that it had no actual or constructive notice of a defective condition in the subject elevator, as that elevator had neither stopped between floors nor shook or vibrated prior to this incident, and the defendant had not received any complaints regarding such activity (*cf. Bigio v Otis El. Co.*, 175 AD2d 823 [1991]; *O'Neill v Mildac Props.*, 162 AD2d 441 [1990]; *Smith v Jay Apts.*, 33 AD2d 624 [1969]; *Pugh v Weber*, 29 AD2d 567 [1967]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual or constructive notice of any defective condition in the elevator such as would make it prone to stop between floors (*see Tashjian v Strong & Assoc.*, 225 AD2d 907 [1996]; *Di Marco v Westinghouse Elec. Corp.*, 170 AD2d 760 [1991]; *Birdsall v Montgomery Ward & Co.*, 109 AD2d 969 [1985], *affd* 65 NY2d 913 [1985]).

However, summary judgment dismissing the complaint was improperly granted, as the plaintiff has raised a triable issue of fact as to the applicability of the doctrine of res ipsa loquitur (*see Weeden v Armor El. Co.*, 97 AD2d 197 [1983]). Where, as here, the elevator was in the defendant's possession and control and the plaintiff did not contribute to the malfunction complained of, there is an issue of fact as to whether the stopping at another floor, and shaking and vibrating of an elevator is an event that would not ordinarily occur were due care exercised in the elevator's maintenance (*see Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995]; *Sirigiano v Otis El. Co.*, 118 AD2d 920 [1986]; *Burgess v Otis El. Co.*, 114 AD2d 784 [1985], *affd* 69 NY2d 623 [1986]; *Weeden v Armor El. Co., supra*; *Smith v Jay Apts., supra*). Thus, the defendant is not entitled to summary judgment. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.