■ MAINA GUREVICH et al., Respondents, v QUEENS PARK REALTY CORP., Respondent, and GUARDIAN ELEVATOR SYSTEMS,

Inc., Defendant and Third-Party Plaintiff-Appellant. PROVIDENT OPERATING CORP., Third-Party Defendant-Respondent. [784 NYS2d 397]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Guardian Elevator Systems, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated October 28, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or alternatively, for summary judgment on its cross claim for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Although the defendant third-party plaintiff, Guardian Elevator Systems, Inc. (hereinafter Guardian), established, prima facie, that it had no actual or constructive notice of a defective condition on the elevator that would cause it to mislevel (*see Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]; *De Sanctis v Montgomery El. Co.*, 304 AD2d 936 [2003]), the plaintiffs, in opposition, raised a triable issue of fact in this regard (*cf. Rogers v Dorchester Assoc., supra* at 581; *O'Neill v Mildac Props.*, 162 AD2d 441, 442 [1990]). The plaintiffs also raised a triable issue of fact as to the applicability of the doctrine of res ipsa loquitur (*see Ardolaj v Two Broadway Land Co.*, 276 AD2d 264 [2000]; *cf. Bigio v Otis El. Co.*, 175 AD2d 823, 824 [1991]; *Weeden v Armor El. Co.*, 97 AD2d 197, 205-207 [1983]). Thus, that branch of Guardian's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied.

As an issue of fact remains as to whether Guardian was negligent, that branch of its cross-motion which was for summary judgment on its contractual indemnification cross claim

against the third-party defendant, Provident Operating Corp., was properly denied (*see Daries v Haym Solomon Home for the Aged,* 4 AD3d 447, 449 [2004]; *White v 92nd Realty Co.,* 285 AD2d 642 [2001]). Smith, J.P., Adams, Crane and Skelos, JJ., concur.