■ CATHY HALL, Appellant, v BARIST ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. UNITED PRESBYTERIAN RESIDENCE, Third-Party Defendant. [807 NYS2d 639]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 29, 2004, as granted that branch of the cross motion of Barist Elevator Company which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The plaintiff allegedly was injured at her workplace when she became trapped in an elevator that accelerated upward, hit something, and fell to a level above the third floor. The plaintiff commenced this action against Barist Elevator Company (hereinafter Barist), which had been retained by her employer to service and maintain the elevator, claiming that the elevator malfunctioned due to Barist's negligent failure to maintain it in a safe condition.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Here, even though Barist established, prima facie, that it had no actual or constructive notice of a defective condition on the subject elevator that would cause it to accelerate and hit something, or stop above the third floor and rumble or vibrate prior to this incident (*see Gurevich v Queens Park Realty Corp.*, 12 AD3d 566 [2004]; *Carrasco v Millar El. Indus.*, 305 AD2d 353 [2003]; *Bigio v Otis El. Co.*, 175 AD2d 823 [1991]; *Smith v Jay Apts.*, 33 AD2d 624 [1969]), the plaintiff, in opposition, raised a triable issue of fact regarding notice of such a defective condition (*see Gurevich v Queens Park Realty Corp., supra* at 566). Further, the plaintiff raised a triable issue of fact as to the applicability of the doctrine of res ipsa loquitur (*see Gurevich v Queens Park Realty Corp., supra; Carrasco v Millar El. Indus., supra* at 354; *see also Bigio v Otis El. Co., supra* at 824; *Weeden v Armor El. Co.*, 97 AD2d 197, 205-207 [1983]). Thus, that branch of Barist's cross motion which was for sum-

mary judgment dismissing the complaint should have been denied. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.