■ Marva Fyall, Appellant, v Centennial Elevator Industries, Inc., Respondent, et al., Defendant. [843 NYS2d 137]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated May 2, 2006, which granted the motion of the defendant Centennial Elevator Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Centennial Elevator Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly was injured when the elevator she was riding in descended rapidly and came to an abrupt stop, out of alignment with the floor. The plaintiff commenced this action against, among others, Centennial Elevator Industries, Inc. (hereinafter Centennial), the company retained to service and maintain the elevator, claiming that the elevator malfunctioned due to Centennial's negligent failure to maintain it in a safe condition.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Hall v Barist El. Co.*, 25 AD3d 584, 585 [2006]). Centennial established, prima facie, that it had no actual or constructive notice of a defective condition in the subject elevator that might cause it to descend rapidly and stop abruptly (*see Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact as to Centennial's actual or constructive notice of such defect (*id.*).

However, proof that the rapid descent and abrupt, misaligned stop of the elevator was an occurrence that would not ordinarily occur in the absence of negligence, that the maintenance and service of the elevator was within the exclusive control of Centennial, and that no act or negligence on the plaintiff's part contributed to the happening of the accident, is a basis for liability under the doctrine of res ipsa loquitur (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594, 596-597 [2007]). Here, Centennial did not negate the applicability of that doctrine. Therefore, the Supreme Court erred in granting Centennial's motion for summary judgment dismissing the complaint insofar as asserted against it. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.