■ Lidia Miguel, Respondent, v 41-42 Owners Corp., Appellant, and Arista Elevator Co., Inc., Respondent. [869 NYS2d 166]—

The plaintiff allegedly was injured when a malfunctioning elevator door suddenly and unexpectedly closed on her leg. In her deposition testimony, the plaintiff stated that she and several other tenants had complained to the building's superintendent that the elevator door was malfunctioning in a similar way at least six months prior to her accident. The defendant 41-42 Owners Corp. (hereinafter Owners) submitted a notarized statement of the superintendent that he was never made aware of the plaintiff's accident. The statement was silent, however, as to whether he had been informed of any prior malfunctioning.

The Supreme Court properly denied that branch of Owners' motion which was for summary judgment dismissing the complaint insofar as asserted against it. Owners failed to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]), as it failed to establish the absence of notice of the allegedly defective condition (*see Carrillo v PM Realty Group,* 16 AD3d 611, 612 [2005]; *Casanova v Hamilton-Sharp Props., LLC,* 12 AD3d 632, 633 [2004]; *Kucera v Waldbaums Supermarkets,* 304 AD2d 531, 532 [2003]).

Owners' contention that the defendant Arista Elevator Co., Inc. (hereinafter Arista), failed to offer good cause for its untimely cross motion for summary judgment, inter alia, dismissing the cross claims insofar as asserted against it was not raised in opposition to the cross motion and, therefore, is not properly before this Court (*see Losito v City of New York,* 38 AD3d 854, 855 [2007]; *Charles v Jamaica Hosp.,* 30 AD3d 459 [2006]; *LaBella v Allstate Ins. Co.,* 261 AD2d 367, 368 [1999]).

Nonetheless, the Supreme Court erred in granting that branch of Arista's cross motion which was for summary judgment dismissing all cross claims insofar as asserted against it. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.,* 32 NY2d 553, 559 [1973]; *see Fyall v Centennial El. Indus., Inc.,* 43 AD3d 1103, 1104 [2007]; *Oettinger v Montgomery Kone, Inc.,* 34 AD3d 969 [2006]; *Oxenfeldt v 22 N. Forest Ave. Corp.,* 30 AD3d 391, 392 [2006]; *Hall v Barist El. Co.,* 25 AD3d 584, 585 [2006]). Contrary to the findings of the Supreme Court, the maintenance agreement between Owners and Arista included regular service and repair or replacement of the mechanism which controlled the speed and proper functioning of the elevator doors. Moreover, Arista's president stated in his deposition testimony

that each month Arista would inspect the elevator car door and the device that should cause the door to retract upon closing on a person. This, coupled with the plaintiff's deposition testimony, created a triable issue of fact as to whether Arista failed to use reasonable care to discover and correct a condition which it ought to have found. We note that the plaintiff has not appealed from the dismissal of the complaint as against Arista. Accordingly, only that portion of the order which granted that branch of Arista's cross motion which was for summary judgment dismissing the cross claims asserted against it is before us. Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.