■ Yvonne Jappa, Respondent, v Starrett City, Inc., Appellant. [888 NYS2d 776]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated February 19, 2008, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend her bill of particulars to assert a theory of negligence based on the doctrine of res ipsa loquitur.

Ordered that the order is affirmed, with costs.

In the lobby of a building owned by the defendant in which the plaintiff resided, the plaintiff was injured when tile fell from the drop ceiling and struck her head, neck, shoulder, and arm. After issue was joined, the defendant moved for summary judgment dismissing the complaint on the ground that it did not

have actual or constructive notice of the alleged ceiling defect. Thereafter, the plaintiff cross-moved for leave to amend her bill of particulars to assert a theory of negligence based on the doctrine of res ipsa loquitur.

The defendant failed to demonstrate that it would be prejudiced as a result of permitting the plaintiff to amend her bill of particulars to assert a theory of negligence under the doctrine of res ipsa loquitur (*see Lipari v Babylon Riding Ctr., Inc.,* 18 AD3d 824, 826 [2005]).

The defendant established, prima facie, that it had no actual or constructive notice of a defective condition in the ceiling (*see Fyall v Centennial El. Indus., Inc.,* 43 AD3d 1103 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact as to the defendant's actual or constructive notice (*see* CPLR 3212 [b]). However, proof that tiles falling from a ceiling is an occurrence that would not ordinarily occur in the absence of negligence, the ceiling of the lobby was in the exclusive control of the defendant, and no act or negligence on the plaintiff's part contributed to the accident, would be a basis for liability under the doctrine of res ipsa loquitur (*see Dittiger v Isal Realty Corp.,* 290 NY 492 [1943]; *Fyall v Centennial El. Indus., Inc.,* 43 AD3d at 1104). Here, the defendant did not negate the applicability of that doctrine. Accordingly, the Supreme Court properly denied the defendant's motion and granted the plaintiff's cross motion. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur. **[Prior Case History: 2008 NY Slip Op 30831(U).]**