■ Josefa Devito, Appellant, v Centennial Elevator Industries, Inc., Respondent. [933 NYS2d 871]—

The plaintiff allegedly sustained personal injuries while riding in an elevator in the building where she worked. The elevator twice descended rapidly, shook, and came to an abrupt stop, out of alignment with the floor. The plaintiff commenced this action against the defendant, Centennial Elevator Industries, Inc. (hereinafter Centennial), the company retained to service and maintain the elevator, claiming that the elevator malfunctioned as a result of Centennial's negligent failure to maintain it in a safe condition.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882-883 [2010]). Centennial established, prima facie, that it had no actual or constructive notice of a defective condition in the subject elevator that might cause it to descend rapidly, shake, and stop abruptly (*see Fyall v Centennial El. Indus., Inc.*, 43 AD3d 1103, 1104 [2007]; *Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact as to the defendant's actual or constructive notice (*see* CPLR 3212 [b]).

Nevertheless, in opposition, the plaintiff raised a triable issue of fact as to Centennial's liability under the doctrine of res ipsa loquitur by submitting proof that the rapid descent, shaking, and abrupt, misaligned stop of the elevator was an occurrence that would not ordinarily occur in the absence of negligence, that the maintenance and service of the elevator was in the exclusive control of Centennial, and that no act or negligence on the part of the plaintiff contributed to the happening of the accident (*see Jappa v Starrett City, Inc.*, 67 AD3d 968, 969 [2009]; *Fyall v Centennial El. Indus., Inc.*, 43 AD3d at 1104; *Carrasco v Millar El. Indus.*, 305 AD2d at 354; *Weeden v Armor El. Co.*, 97 AD2d 197 [1983]). Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.