■ MICHAEL FIERMONTI et al., Respondents, v OTIS ELEVATOR COMPANY, Appellant. [941 NYS2d 657]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated March 24, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly sustained personal injuries when the freight elevator he was riding suddenly dropped 8 to 12 inches as he was attempting to step out of the elevator car while pushing a dolly. The plaintiff and his wife, suing derivatively, commenced this action against the defendant, Otis Elevator Company (hereinafter Otis), the company retained to service and maintain the elevator, claiming that the sudden misleveling of the elevator car was caused by Otis's negligent failure to maintain the elevator in a safe condition. The Supreme Court denied Otis's motion for summary judgment dismissing the complaint.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553,

559 [1973]; *see Devito v Centennial El. Indus., Inc.*, 90 AD3d 595 [2011]; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882-883 [2010]). Although Otis established, prima facie, that it did not have actual or constructive notice of the alleged defective condition of the elevator that would cause it to abruptly mislevel (*see Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]; *Gaspard v Barkly Coverage Corp.*, 65 AD3d 1188, 1189 [2009]; *Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009]), the Supreme Court properly determined that the plaintiffs, in opposition, raised a triable issue of fact regarding notice of such defective condition (*see Miguel v 41-42 Owners Corp.*, 57 AD3d 488 [2008]; *Hall v Barist El. Co.*, 25 AD3d 584 [2006]; *Gurevich v Queens Park Realty Corp.*, 12 AD3d 566 [2004]).

Similarly, the Supreme Court correctly determined that the plaintiffs raised a triable issue of fact as to whether or not Otis was liable under the doctrine of res ispa loquitur. Proof that the sudden misleveling of the elevator was an occurrence that would not ordinarily occur in the absence of negligence, that the maintenance and service of the elevator was within the exclusive control of Otis, and that no act or negligence on the injured plaintiff's part contributed to the happening of the accident, is a basis for liability under the doctrine of res ipsa loquitur (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 211-212 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *Devito v Centennial El. Indus., Inc.*, 90 AD3d at 595-596; *Fyall v Centennial El. Indus., Inc.*, 43 AD3d 1103, 1104 [2007]; *Gurevich v Queens Park Realty Corp.*, 12 AD3d at 567; *Ardolaj v Two Broadway Land Co.*, 276 AD2d 264 [2000]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594 [2007]; *Bigio v Otis El. Co.*, 175 AD2d 823, 824 [1991]).

Accordingly, the Supreme Court properly denied Otis's motion for summary judgment dismissing the complaint. Skelos, J.P., Belen, Lott and Miller, JJ., concur.