■ MARIE CARMELLE BASTIEN, Respondent, v NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant, et al., Defendant. [956 NYS2d 920]—

In an action to recover damages for personal injuries, the defendant Nouveau Elevator Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated April 21, 2011, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Nouveau Elevator Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly fell while exiting an elevator maintained by the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau). The plaintiff alleged that while she was lying on the floor, she was struck with great force by the closing elevator door, which caused her to sustain additional injury, and observed that the elevator cab was mis-leveled. The plaintiff subsequently commenced this action against Nouveau, among others, to recover damages for personal injuries.

The Supreme Court should have granted Nouveau's motion for summary judgment dismissing the complaint insofar as asserted against it. Nouveau established, prima facie, that it did not have actual or constructive notice of the allegedly defective conditions of the subject elevator (*see Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012]; *Fiermonti v Otis El. Co.*, 94 AD3d 691, 692 [2012]; *Devito v Centennial El. Indus., Inc.*, 90 AD3d 595, 596 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.