Baez v 1749 Grand Concourse LLC (2019 NY Slip Op 08948)





Baez v 1749 Grand Concourse LLC


2019 NY Slip Op 08948


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10567 309276/11

[*1] Eileen Baez, etc., Plaintiff-Respondent-Appellant,
v
1749 Grand Concourse LLC, et al., Defendants-Appellants-Respondents, Lemle Realty Corporation, et al., Defendants, Municipal Inspection Corporation, Defendant-Respondent, Dunwell Elevator Electrical Industries, Inc., Defendant-Respondent-Appellant.


Carol R. Finocchio, New York, for appellants-respondents.
Antin Ehrlich & Epstein LLP, New York (Anthony V. Gentile of counsel), for Eileen Baez, respondent-appellant.
Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for Dunwell Elevator Electrical Industries, Inc., respondent-appellant.
Clausen Miller P.C., New York (Joseph J. Ferrini of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 27, 2018, which, to the extent appealed from, denied defendants 1749 Grand Concourse LLC and Lemle & Wolff, Inc.'s (collectively, the Building Defendants) and Dunwell Elevator Electrical Industries, Inc.'s (Dunwell) motions for summary judgment dismissing all claims as against them, denied plaintiff's cross motion for summary judgment on liability against the Building Defendants, and granted defendant Municipal Inspection Corporation's (Municipal) motion for summary judgment dismissing the Building Defendants' cross claims against it, unanimously modified, on the law, to grant Dunwell's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Dunwell.
While moving into his apartment at 1749 Grand Concourse, plaintiff's decedent fell down an elevator shaft and died. Defendants 1749 Grand Concourse LLC and Lemle & Wolff, Inc. were the owner and manager, respectively, of the building. Defendant Dunwell was an elevator maintenance company retained to perform maintenance on the building's elevators. Defendant Municipal was an elevator inspection company hired to inspect the elevators on one occasion preceding the accident.
Plaintiff's motion was properly considered although it was untimely, because it addressed the same basic issues as the Building Defendants' timely filed motion, i.e., the liability of the Building Defendants to plaintiff for negligence (see CPLR 3212[a]; Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 691-692 [1st Dept 2018]).
Plaintiff's motion and the Building Defendants' motion were correctly denied. None of the statutory provisions relied upon by plaintiff constitutes proper bases for a finding of negligence per se. 1968 Building Code of City of New York (Administrative Code of City of NY) § 27-987 and Multiple Dwelling Law § 78 are not sufficiently specific as cited here, i.e., for [*2]the broad proposition that elevators must be maintained in safe operating condition (see Amaya v Denihan Ownership Co., LLC, 30 AD3d 327 [1st Dept 2006]; Sheila C. v Povich, 11 AD3d 120, 131-132 [1st Dept 2004]). Violation of New York City Building Code (Administrative Code, tit 28, ch 7) § BC 3010.1 does not constitute negligence per se, but only evidence of negligence (see Jainsinghani v One Vanderbilt Owner, LLC, 162 AD3d 603, 604 [1st Dept 2018]; see also Elliott v City of New York, 95 NY2d 730, 734 [2001]).
In addition, issues of fact exist as to whether the Building Defendants were negligent in permitting the elevator to operate without door rollers, link arms, or a location indicator; in allowing the decedent to use the elevator unsupervised, without an elevator operator; and in moving the elevator while the decedent was still using it, without notifying him that it had been moved. Plaintiff's expert affirmation was not unduly speculative or lacking evidentiary support. However, it was not conclusive, as it remains unclear whether a location indicator was required, and it is at least arguable that the absence of door rollers and link arms did not create a safety hazard in and of itself, because it rendered it impossible for the general public to use the elevator.
Issues of fact also exist as to whether the slim jim that the decedent used to enter the elevator and instructions in its use were given to the decedent by a building representative; whether the building representative expressly advised the decedent that the elevator cab would be where he left it because he was the only one using it; and whether the building superintendent was aware of the decedent's profession as an elevator mechanic before the accident. The resolution of these issues is necessary for a determination of foreseeability and thus of proximate causation (see e.g. Richards v Robert Corp., 297 NY 605, 606 [1947]; Saldarriaga v De Santis Bros., 151 AD2d 270, 270-71 [1st Dept 1989], lv denied 74 NY2d 613 [1989]; Schuchatowitz v Leff, 225 App Div 574, 576-577 [1st Dept 1929]; Jolliffe v Miller, 126 App Div 763, 770 [1st Dept 1908], affd 196 NY 504 [1909]; see also generally Lynch v Bay Ridge Obstetrical & Gynecological Assoc., P.C., 72 NY2d 632, 636 [1988]).
This is not a case such as those cited by the Building Defendants where the plaintiff jumped from a stalled elevator (see e.g. Egan v A.J. Constr. Corp., 94 NY2d 839, 841 [1999]). The other cases cited by the Building Defendants are also factually distinguishable.
The affidavits relied upon by plaintiff were properly considered, because they did not contradict testimony or evidence previously submitted by plaintiff or official records or raise new theories of liability. The identities of the affiants were timely disclosed (cf. Ravagnan v One Ninety Realty Co., 64 AD3d 481, 482 [1st Dept 2009]).
Municipal's motion for summary judgment dismissing, as relevant on appeal, the Building Defendants' cross claims against it was correctly granted. Municipal fulfilled its contractual obligations to the Building Defendants by performing an inspection and preparing an ELV3 form, which detailed the lack of door rollers and other deficiencies. There is no evidence in the record that any of the defects required Municipal to shut the elevator down.
Dunwell's motion for summary judgment dismissing all claims against it should be granted. Dunwell cannot be held liable to plaintiff, because it did not owe the decedent any duty. There is no evidence in the record that Dunwell created or exacerbated any of the alleged elevator defects, including the missing door rollers and link arms, even if it were found to have wrongfully failed to diagnose or correct them (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140, 142-143 [2002]; Medinas v MILT Holdings LLC, 131 AD3d 121, 127-128 [1st Dept 2015]). Moreover, Dunwell in fact did recommend that these parts be replaced, but its proposal was not accepted by the Building Defendants, and the governing maintenance agreement did not allow Dunwell to replace them without authorization (see Fernandez v Otis El. Co., 4 AD3d 69, 73 [1st Dept 2004]). The maintenance agreement was not comprehensive and exclusive and therefore did not displace the Building Defendants' obligations to maintain the elevators in a safe condition (see id.). Plaintiff does not argue that the decedent detrimentally relied on Dunwell's continued performance of its duties (see Espinal, 98 NY2d at 140). To the extent plaintiff relies on a line of cases holding that an elevator maintenance company owes a duty of care to members of the public, that reliance is misplaced; this Court has since held that those cases are not good law (see Medinas, 131 AD3d at 127-128).
Dunwell fulfilled its contractual obligations to the Building Defendants by performing [*3]monthly maintenance and submitting a proposal to replace missing door rollers. There is no evidence in the record that any of the alleged defects required Dunwell to shut the elevator down, and, as indicated,
this is not a case in which the elevator maintenance company completely assumed the building's responsibility to maintain the elevator.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK