McCall v Alma Realty Corp. (2025 NY Slip Op 01797)

McCall v Alma Realty Corp.

2025 NY Slip Op 01797

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-05753
 (Index No. 701435/15)

[*1]Patrick McCall, et al., respondents,
v
Alma Realty Corp., et al., defendants, Nouveau Elevator Industries, Inc., appellant.

Rebore Thorpe & Pisarello, P.C., Farmingdale, NY (Timothy J. Dunn of counsel), for appellant.
Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Nouveau Elevator Industries, Inc., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 9, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Patrick McCall (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, against the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), among others, to recover, inter alia, damages for personal injuries the injured plaintiff allegedly sustained in November 2013 when his right hand was caught in the doors of an elevator located in a building where he was working as he tried to prevent the doors from closing. The plaintiffs alleged, among other things, that Nouveau had been retained to perform regular maintenance on the elevator. Nouveau moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order entered July 9, 2021, the Supreme Court, inter alia, denied Nouveau's motion. Nouveau appeals.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Barnes v Astoria Fed. Sav. & Loan Assn., 220 AD3d 725, 726 [internal quotation marks omitted]; see Rogers v Dorchester Assoc., 32 NY2d 553, 559). Here, Nouveau established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it by submitting, among other things, an affidavit of an expert who averred that the elevator door safety sensor that was equipped on the elevator at the time of the alleged incident required no maintenance since it was designed to keep the doors open upon any malfunction. The expert opined, inter alia, that Nouveau performed maintenance on the elevator that was consistent with industry standards and that, in any event, any failure by Nouveau to maintain the elevator was not the cause of the alleged incident. Nouveau also submitted a transcript of the deposition testimony of its mechanic, who testified, among other things, that he tested the elevator door safety sensors during each inspection and that the sensors were in working order at the time of the alleged [*2]incident. Thus, Nouveau demonstrated, prima facie, that it did not create or have actual or constructive notice of the alleged defect in the elevator and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Syrnik v Board of Mgrs. of the Leighton House Condominium, 198 AD3d 835, 837).
However, in opposition, the plaintiffs raised a triable issue of fact as to whether Nouveau failed to use reasonable care in performing comprehensive maintenance of the elevator such that it failed to discover and correct a condition which it ought to have found (see Alicea v Medjugorje Realty, LLC, 210 AD3d 835, 841; Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229). The plaintiffs submitted an affidavit of an expert who, inter alia, averred that, in his opinion, certain electronic relays, which controlled the safety sensors on the elevator doors, can become "unreliable" through a buildup of dust and dirt over time. The expert also opined, among other things, that the "ancient" and unreliable electronics in the elevator were the cause of the alleged unsafe performance of the elevator doors. Thus, the plaintiffs raised a triable issue of fact as to whether the maintenance performed by Nouveau was comprehensive enough to discover and correct the allegedly unsafe condition of the elevator (see Alicea v Medjugorje Realty, LLC, 210 AD3d at 841; Miguel v 41-42 Owners Corp., 57 AD3d 488, 490). Moreover, the plaintiffs submitted a transcript of the deposition testimony of Mark Gibbs, a colleague of the injured plaintiff, who testified that the doors on the elevator had regularly malfunctioned prior to the incident by continuing to close in the presence of an obstruction, raising a triable issue of fact as to whether Nouveau had constructive notice of the alleged condition (see Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392).
Accordingly, the Supreme Court properly denied Nouveau's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
The plaintiffs' remaining contention is without merit.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court