■ JOYCE MAYS, Individually and as Parent and Natural Guardian of KRYSTAL BROOKS, an Infant, Respondent, v CHILDREN'S HOSPITAL OF BUFFALO, Appellant.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Infant plaintiff was healthy and normal when born at defendant hospital on September 10, 1986. On the following

morning, in preparation for drawing a blood sample, a nurse in the hospital's newborn nursery wrapped the infant's foot and leg with a heated wet washcloth covered by a disposable diaper. When the wrapping was removed, the phlebotomist noted a blister on the rear of the baby's left calf. The blister measured ½ centimeter by 1 centimeter. It was lanced, drained, cleaned, treated with ointment and covered with gauze. Hospital records indicate that the baby suffered a second degree burn. When she was nine days old, the infant developed an infection of the umbilical cord and was hospitalized for six days. At that time, the burn on her leg was healing well and there was no indication of infection at the site. In this action to recover damages for injuries to the infant, however, it is claimed that the baby has suffered two scars on the rear of her left leg; one scar measures approximately 2½ inches by 1¾ inches and the other is a linear scar measuring 1 inch by ¼ inch.

Relying on the doctrine of res ipsa loquitur, plaintiff moved for summary judgment on the issue of defendant's liability. Supreme Court granted the motion, struck defendant's answer and ordered an immediate trial on damages. We reverse.

In moving for summary judgment, plaintiff was required to establish her cause of action "sufficiently to warrant the court as a matter of law in directing judgment" in her favor (CPLR 3212 [b]; *see also, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1967). Although plaintiff established a prima facie case that defendant's negligence caused the initial injury to the infant *(see, Hill v Highland Hosp.,* 142 AD2d 955), it does not follow that plaintiff is entitled to judgment as a matter of law. Res ipsa loquitur is a rule of evidence which permits a jury to draw the conclusion from the occurrence of an unusual event that it happened through defendant's fault *(Fogal v Genesee Hosp.,* 41 AD2d 468, 474). "The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *see also, George Foltis, Inc. v City of New York,* 287 NY 108, 121-122). In the circumstances presented, it is the function of the jury to decide issues of negligence and proximate cause. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.