■ CAROLYN ALBRECHT et al., Appellants, v JAMES M. BEDARD, JR., et al., Respondents. [680 NYS2d 788] —Judgment insofar as appealed from unanimously reversed on the law without costs and new trial granted on damages for future pain and suffering and loss of consortium only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict on damages for future pain and suffering to $10,000 and for loss of consortium to $2,500, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Carolyn Albrecht (plaintiff) commenced this action for personal injuries she sustained when the truck in which she was a passenger collided with a vehicle owned by defendant Buffalo Hotel Supply Co., Inc. and operated by defendant James M. Bedard, Jr. An order granting plaintiffs partial summary judgment on the issue of liability was entered and a trial was held on the issue of damages only. The jury awarded plaintiff $25,000 for past pain and suffering, but awarded her no damages for future pain and suffering and awarded her husband no damages for loss of consortium. It is uncontroverted that plaintiff sustained an avulsion fracture of the greater tuberosity of the humerus and that the bones in her shoulder healed in a deviated manner known as malunion. As a result, plaintiff has a reduced range of motion and is unable to move her arm completely over her head. Plaintiff's doctor testified at trial that plaintiff has a mild permanent partial disability in her right shoulder. Defendants' medical expert testified that in his opinion plaintiff has a moderate permanent partial disability in her right shoulder. Since the accident, plaintiff's husband has been required to do most of the housework along with his son, and he accompanies his wife shopping. We conclude that the determination that plaintiff has no compensable future pain and suffering and that her husband is not entitled to damages on his derivative claim " ' "could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *see, Crawford v Marcello*, 247 AD2d 907). Therefore, we reverse the judgment insofar as appealed from and grant a new trial on damages for future pain and suffering and loss of consortium only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict on damages for future pain and suffering to $10,000 and for loss of consortium to

$2,500, in which event the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Niagara County, Fahey, J.—Negligence.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.