■ MICHELLE BARBER, Respondent, v M. C. BARBER, Defendant, and CYNTHIA BARBER, Appellant. [680 NYS2d 778] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendants' motion seeking summary judgment dismissing the complaint against Cynthia Barber (defendant). Plaintiff, who is defendants' daughter, was injured when a glass doorknob in the

kitchen of defendants' home shattered in plaintiff's hand. Defendant established as a matter of law that she had neither actual nor constructive notice of any defect with respect to the doorknob, and plaintiff failed to raise an issue of fact. "To constitute constructive notice, a defect must be *visible and apparent* and it must exist for a sufficient length of time prior to the accident to permit [defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [emphasis supplied]). Contrary to plaintiff's contention, there is no evidence of any defect in the doorknob that was either visible or apparent. The fact that defendant chose to cover other glass doorknobs in her home because she felt "uncomfortable" with them is not evidence of actual or constructive notice of a specific danger in the doorknob in the kitchen. Rather, the common knowledge that glass can break is equivalent to "a 'general awareness' that a dangerous condition may be present" and "is legally insufficient to constitute notice of the particular condition that caused plaintiff's" injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *see also, Blake v Gardino*, 35 AD2d 1022, 1022-1023, *affd* 29 NY2d 876; *Andrews v Porreca*, 227 AD2d 940, 941). Further, the door had been used in the same fashion for almost 20 years without incident (*see, e.g., Vrenna v Tunis*, 226 AD2d 1130, *lv denied* 89 NY2d 803), and the testimony of defendant that the doorknob sometimes hit the wall and that she did not install a door stop to prevent that from occurring is not evidence of constructive notice of a defect or dangerous condition.

We therefore modify the order by granting defendants' motion in its entirety. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.