■ THERESA DURSO, Respondent, v WAL-MART STORES, INC., Appellant. [705 NYS2d 157] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for the personal injuries that she sustained when 19 boxes fell off an overhead riser at defendant's store, striking her. Following a nonjury trial, Supreme Court, applying the doctrine of res ipsa loquitur, found defendant liable and awarded plaintiff $30,000 for past and future pain and suffering. We reject the contention of defendant that the doctrine of res ipsa loquitur is not applicable because the boxes were not within its exclusive control. The boxes were stacked four feet high on the riser, which was six feet off the floor. Although the shelves below the riser were intended for direct customer access, merchandise on the riser was for restocking only. Signs were posted directing customers to "please ask for help" rather than trying to reach that merchandise themselves, and a special ladder was used by defendant's employees to access the riser. The requirement of exclusivity "does not mean that 'the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door' " (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227). Here, "it is unlikely that the accident was caused by the negligence of a third party and * * * it is more probable that it was caused by defendant's negligence" (*Ciciarrelli v Ames Dept. Stores*, 162 AD2d 996, 997, *lv denied* 77 NY2d 805). We further reject defendant's contentions that the proof of damages is inadequate and that the verdict is excessive (*see, Albrecht v Bedard*, 255 AD2d 918). (Appeal from Judgment of Supreme Court, Ontario County, Scudder, J.—Negligence.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.