■ KATHLEEN A. POLLACK et al., Appellants, v TOSHIBA AMERICAN MEDICAL SYSTEMS, INC., et al., Respondents. [737 NYS2d 213] —Appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered April 12, 2001, which, inter alia, granted defendants' motions and cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendants Toshiba American Medical Systems, Inc. and Praxair, Inc. and reinstating the complaint against them and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted the cross motion of defendant Rochester Welding Supply Corporation for summary judgment dismissing the complaint against it. The court erred, however, in granting the motions of Toshiba American Medical Systems, Inc. and Praxair, Inc. (defendants) seeking summary judgment dismissing the complaint against them. Although defendants met their initial burden by establishing that they were not negligent in their use and operation of the garage door that collapsed on Kathleen A. Pollack (plaintiff) at her place of employment, plaintiffs raised a triable issue of fact concerning their negligence (*see generally*, *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs submitted the deposition testimony of the chief technologist who was in charge of maintenance who stated that, because of the special features of the garage door, only cryogen delivery and service people use it. They also submitted the affidavit of Donald Jensen, an engineer, stating that, based on his review of photographs depicting the damage to the garage door, the garage door collapsed as a result of lateral damage caused by heavy cryogen containers that were moved in and out of the garage. It is undisputed that defendants regularly delivered cryogen containers to plaintiff's place of employment, and thus plaintiffs raised a triable issue of fact to defeat defendants' motions.

We reject plaintiffs' further contention that the doctrine of res ipsa loquitur applies to the facts of this case. Third-party defendant, the owner of the property where plaintiff was injured, and others had access to the garage door and, in the absence of exclusive control of the garage door by defendants, the doctrine of res ipsa loquitur does not apply (*see*, *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226).

We modify the order, therefore, by denying the motions of defendants and reinstating the complaint against them. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.