■ ROBYN BUNCE et al., Respondents, v EASTMAN KODAK COMPANY, Appellant. [749 NYS2d 759] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered February 21, 2001, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Robyn Bunce (plaintiff) was injured when her foot was caught in an automatic revolving door at a building owned by defendant. Plaintiff, who worked in defendant's building, had swiped her employee pass card in the device that activates that door and stepped into the door's compartment. When the door failed to activate, plaintiff stepped partially out of the compartment and swiped her card again. The door began to revolve and a person standing outside the door unsuccessfully attempted to pull plaintiff from the door's compartment before the door closed on her. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant submitted proof establishing that it neither "affirmatively created the [alleged defective] condition [n]or had actual or constructive notice of its existence" (*Hanley v Affronti,* 278 AD2d 868, 869). Even assuming, arguendo, that plaintiffs raised an issue of fact with respect to the existence of a defective condition in the door, we agree with defendant that plaintiffs failed to raise an issue of fact whether defendant created that condition, whether defendant had actual notice of it or whether it was " 'visible and apparent and * * * exist[ed] for a sufficient length of time prior to the accident to permit defendant * * * to discover and remedy it' " (*Appleby v Webb,* 186 AD2d 1078, 1078, citing *Gordon v American Museum of Natural History,* 67 NY2d 836, 837). We therefore reverse the order, grant the motion and dismiss the complaint. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.