■ EDNA L. FETTERLY et al., Appellants, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER, Respondent. [752 NYS2d 471] —Appeal from an order of Supreme Court, Oswego County (Nicholson, J.), entered March 19, 2002, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Edna L. Fetterly (plaintiff) when she was struck by an automatic door in defendant's store.

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden on the motion by establishing that it had no actual or constructive knowledge of the alleged defect in the automatic door, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiffs' contention, " 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's [injuries]" (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969). Moreover, the company that installed and maintained the automatic door had inspected the door the day before the accident and had determined that it was working properly. Also contrary to plaintiffs' contention, the doctrine of res ipsa loquitur is not applicable here because the automatic door was not in defendant's exclusive control (*see Pollack v Toshiba Am. Med. Sys.*, 291 AD2d 835, 836). Plaintiffs' remaining contention is not preserved for our review and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.