■ Timothy Morgan, Appellant, v Yale Solomon et al., Respondents. [758 NYS2d 458] —Appeal from a judgment of Supreme Court, Oneida County (Siegel, J.), entered May 31, 2002, which dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law without costs and a new trial is granted.

Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action. Plaintiff was injured at work when the apparatus attaching an overhead door to a wall on a loading dock broke loose from the wall and struck him, and he commenced this action against the owners of the building leased to his employer. Supreme Court erred in denying plaintiff's request for a jury charge on the theory of res ipsa loquitur. Plaintiff's employer had leased the building from defendants for at least 24 years and, pursuant to the lease, defendants were responsible for "all structural repairs to the leased premises." An expert engineer testified at trial that "[t]he wall did not properly hold the bolts which were connecting the track to the wall," that the "wall * * * was deteriorating, and it didn't have the ability to hold the connection in place," and that the apparatus was not "properly attached" to the wall. Thus, the "appropriate target of inquiry" in this case is not the overhead door itself, but the apparatus attaching the overhead door to the wall and the wall itself, which "target of inquiry" falls within the ambit of a structural repair (*Pavon v Rudin*, 254 AD2d 143, 146 [1998]). The deteriorated wall and attaching apparatus were approximately 8 to 12 feet above the floor, thus lessening "the likelihood that an employee or a member of the public tampered with it" (*id.*; *see Durso v Wal-Mart Stores*, 270 AD2d 877 [2000]; *cf. Pollack v Toshiba Am. Med. Sys.*, 291 AD2d 835 [2002]). Here, although persons other than defendants had access to the wall and attaching apparatus, there was "sufficient evidence that the third parties probably did nothing to cause the injury" (*De Witt Props. v City of New York*, 44 NY2d 417, 426 [1978]; *see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-228 [1986]). Because the instrumentality that caused the event was sufficiently within the exclusive control of defendants to warrant application of the theory of res ipsa loquitur (*see generally Dermatossian*, 67 NY2d at 226-228), we conclude that plaintiff is entitled to a new trial based on the court's refusal to charge that theory (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 492 [1997]; *Kaplan v New Floridian Diner*, 245 AD2d 548 [1997]).

We further conclude, however, that the court properly denied plaintiff's motion for a directed verdict premised on res ipsa loquitur. Res ipsa loquitur is a rule of evidence that permits, but does not require, a jury "to draw the conclusion from the occurrence of an unusual event that it happened through

defendant's fault" (*Mays v Children's Hosp. of Buffalo*, 151 AD2d 1025, 1026 [1989]; *see generally Dermatossian*, 67 NY2d at 226-228). A plaintiff is entitled to a directed verdict on liability where the "prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted" (*Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976, 977 [1999]; *see Harmon v United States Shoe Corp.*, 262 AD2d 1010 [1999]; *Smith v Moore*, 227 AD2d 854, 855 [1996]). That cannot be said of the proof herein, and thus plaintiff was not entitled to a directed verdict.

All concur except Pine and Hayes, JJ., who dissent and vote to affirm in the following memorandum.

Pine and Hayes, JJ. (dissenting). We respectfully dissent and vote to affirm. Contrary to the position of the majority, we conclude that Supreme Court properly denied plaintiff's request for a jury charge on the theory of res ipsa loquitur. In support of his request for that charge, plaintiff failed to show that defendants had exclusive control of the instrumentality that caused the harm. Plaintiff's employer and its employees had access to the instrumentality, having occupied the premises for at least 27 years. In light of that evidence, plaintiff failed to show that the likelihood that a third party caused the accident was " 'so reduced that the greater probability lies at defendant[s'] door' " (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227 [1986]). In our view, the majority's reliance on *Pavon v Rudin* (254 AD2d 143 [1998]) is misplaced. In that case, the First Department determined that it was not likely that an employee or member of the public tampered with the malfunctioning pivot hinge that caused the door to fall on the injured plaintiff (*see id.* at 146). Here, however, plaintiff failed to show that it was not likely that some act of an employee of plaintiff's employer caused the apparatus attaching the overhead door to the wall to become detached from the wall, thereby injuring plaintiff. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.