■ Ilir Coku et al., Appellants, v Millar Elevator Industries, Inc., Respondent, et al., Defendant. [784 NYS2d 149]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated April 11, 2003, which, upon a jury verdict in favor of the defendant Millar Elevator Industries, Inc., and against them, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, the complaint is reinstated against Millar Elevator Industries, Inc., and the plaintiffs are granted a new trial against that defendant only, with costs to abide the event.

The injured plaintiff, a maintenance worker employed at the Michaelangelo Hotel, allegedly sustained injuries when he fell from a stepladder in the service elevator where he was working when the elevator suddenly dropped and came to an abrupt stop. An explanation offered at the trial for the accident was that one of the tachometer bands attached to an encoder on the elevator's hoist motor broke and became momentarily entangled with the remaining tachometer bands.

The trial court erred in refusing to instruct the jury with respect to the doctrine of res ipsa loquitur. To rely on the doctrine of res ipsa loquitur, a plaintiff must show that the event was of a kind that ordinarily does not occur in the absence of negligence, that it was caused by an agency or instrumentality within the exclusive control of the defendant, and that it was not due to any voluntary action or contribution on the part of plaintiff (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Bonura v KWK Assoc.*, 2 AD3d 207, 208 [2003]). The plaintiffs established that the event in question would not ordinarily occur in the absence of negligence, the respondent had exclusive control of the mechanism of the elevator and its tachometer bands, and the injured plaintiff in no way contributed to the malfunction of the elevator (*see Myron v Millar El. Indus.*, 182 AD2d 558, 559 [1992]).

Since there must be a new trial, the testimony of the floor manager of the Michaelangelo Hotel that she performed an experiment with the stepladder which indicated that the injured plaintiff did not properly lock the stepladder in place was inadmissible (see Weinstein v Daman, 132 AD2d 547, 548-549 [1987]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.