■ JEANETTE O'CONNOR, Appellant, v CIRCUIT CITY STORES, INC., et al., Respondents. [789 NYS2d 252]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 5, 2003, as granted that branch of the motion of the defendant Besam Automated Entrance Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court entered September 18, 2003, as granted that branch of the motion of the defendant Circuit City Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for leave to serve a supplemental bill of particulars on the defendant Circuit City Stores, Inc.

Ordered that the order entered August 5, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered September 18, 2003, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Circuit City Stores, Inc., which was for

summary judgment dismissing the complaint insofar as asserted against it is denied, the complaint is reinstated against that defendant, the cross motion is granted, and the supplemental bill of particulars is deemed served on the defendant Circuit City Stores, Inc.; and it is further,

Ordered that one bill of costs is awarded to the defendant Besam Automated Entrance Systems, Inc., payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Circuit City Stores, Inc.

The plaintiff was injured when she was struck by an electronically-controlled door while entering the premises owned by the defendant Circuit City Stores, Inc. (hereinafter Circuit City). The defendant Besam Automated Entrance Systems, Inc. (hereinafter Besam), installed the door, and performed repairs only at Circuit City's request. Besam performed repairs on the subject door six months before the date of the plaintiff's accident.

Besam established its prima facie entitlement to summary judgment by demonstrating that it neither created the defective condition nor had actual or constructive notice thereof (*see Raffile v Tower Air,* 264 AD2d 721 [1999]). In opposition, the affidavit submitted by the plaintiff's expert was speculative and conclusory, and thus, insufficient to raise a triable issue of fact (*see Grob v Kings Realty Assoc.,* 4 AD3d 394, 395 [2004]; *Picerno v New York City Tr. Auth.,* 4 AD3d 349, 350 [2004]). Therefore, the Supreme Court properly granted summary judgment to Besam.

Circuit City also established its prima facie entitlement to summary judgment by demonstrating that it did not create the defective condition or have actual or constructive notice of such condition (*see McKeon v Town of Oyster Bay,* 292 AD2d 574 [2002]). However, in opposition, the plaintiff raised a triable issue of fact.

To invoke the doctrine of res ipsa loquitur, the event (1) must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) must not have been due to any voluntary action or contribution on the part of the plaintiff (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 494 [1997]; *see Allen v Thompson Overhead Door Co.,* 3 AD3d 462, 465 [2004]; *cf. Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226 [1986]). Circuit City argues that the second element of the res ipsa loquitur doctrine is inapplicable to this case. However, contrary to Circuit City's contention, the plaintiff raised an issue as to whether control of the

presence sensors on the subject door by Circuit City was of "sufficient exclusivity to fairly rule out the chance that the defect was caused by some agency other than [Circuit City's] negligence" (*Dermatossian v New York City Tr. Auth., supra* at 228; *see Allen v Thompson Overhead Door Co., supra* at 465; *Morgan v Solomon,* 305 AD2d 982, 983 [2003]). Thus, the Supreme Court erred in granting Circuit City's motion.

In light of our determination with respect to Circuit City's motion, the Supreme Court should have granted the plaintiff's cross motion for leave to serve a supplemental bill of particulars to include a res ipsa loquitur theory of liability in support of its claim alleging negligence by Circuit City. Circuit City failed to establish that it would be prejudiced or surprised if leave to serve a supplemental bill of particulars was granted (*cf. Dalrymple v Koka,* 295 AD2d 469 [2002]). Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.