■ CYNTHIA JENKINS, Appellant-Respondent, v JAMES CROSSWAY et al., Respondents-Appellants. [807 NYS2d 899]—

Appeal and cross appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered March 23, 2005 in a personal injury action. The order, insofar as appealed and cross-appealed from, granted defendants' motion for an order precluding plaintiff from presenting certain evidence at trial and denied defendants' motion for summary judgment.

It is hereby ordered that the order insofar as appealed and cross-appealed from be and the same hereby is unanimously reversed on the law without costs, defendants' motion for sum-

mary judgment is granted and the second amended complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she injured her hand in the door of a bar owned by defendant Alice Crossway. Supreme Court erred in denying defendants' motion for summary judgment dismissing the second amended complaint. Defendants met their initial burden by establishing as a matter of law that they did not create the alleged dangerous condition of the door and did not have actual or constructive notice thereof (*see Bunce v Eastman Kodak Co.*, 299 AD2d 909 [2002]; *Barber v Barber*, 255 AD2d 934, 935 [1998]). Even assuming, arguendo, that plaintiff raised an issue of fact whether the door was defective, we conclude that plaintiff failed to raise an issue of fact whether defendants created the alleged defective condition or had actual or constructive notice thereof (*see Fetterly v Golub Corp.*, 300 AD2d 1056, 1057 [2002]; *Bunce*, 299 AD2d 909 [2002]). In light of our decision, we do not address the propriety of that part of the order granting defendants' motion for an order precluding plaintiff from presenting certain evidence at trial. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.