■ AMY FIELDS, Appellant, v KING KULLEN GROCERY Co., Respondent. [813 NYS2d 495]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 5, 2005, as, upon reargument, adhered to its prior determination in an order and judgment entered January 25, 2005, granting the defendant's motion for summary judgment, and dismissing the complaint.

Ordered that the order dated May 5, 2005 is reversed insofar as appealed from, on the law, with costs, and upon reargument, the defendant's motion for summary judgment is denied, and the order and judgment entered January 25, 2005 is vacated.

The plaintiff was injured when she was struck by a falling metal barbecue grill displayed on a shelf in the meat department of the defendant's store. The shelf was 6½ feet above the ground, there were no ladders or step stools that customers could use to reach the grill, and there was no other sale merchandise on the shelf or within five feet of the display. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, finding that the doctrine of res ipsa loquitur was inapplicable because the barbecue grill was not in the exclusive control of the defendant. We reverse.

The defendant established its prima facie entitlement to summary judgment by demonstrating that it did not create or have actual or constructive notice of the alleged defective condition. In opposition, the plaintiff raised a triable issue of fact as to whether the defendant's control over the grill was of sufficient exclusivity to fairly rule out the chance that the defective condition was caused by an agency other than the defendant's negligence (*see Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 227 [1986]; *O'Connor v Circuit City Stores, Inc.,* 14 AD3d 676 [2005]; *Durso v Wal-Mart Stores,* 270 AD2d 877 [2000]; *Ciciarelli v Ames Dept. Stores,* 162 AD2d 996 [1990]). Thus, the Supreme Court erred in granting the defendant's motion and dismissing the complaint. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.