■ RACHEL LACKOWITZ, Respondent, v CITY OF YONKERS, Appellant. [813 NYS2d 917]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered June 30, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff provided sufficient circumstantial evidence to raise a triable issue of fact as to the defendant's negligence (*see Lerner v Luna Park Hous. Corp.*, 19 AD3d 553 [2005]; *Sweeney v D & J Vending*, 291 AD2d 443 [2002]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.

■ RACHEL LACKOWITZ, Respondent, v CITY OF YONKERS, Appellant. [813 NYS2d 912]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered September 2, 2005, which denied its motion pursuant to CPLR 4102 (e) for leave to file a late jury demand.

Ordered that the order is affirmed, with costs.

The plaintiff served a note of issue which did not request a jury trial. The defendant did not thereafter timely request a jury trial, and thus, waived its right to a jury trial (*see* CPLR 4102 [a]). About seven months after being served with the note of issue, the defendant moved for leave to serve and file a demand for a jury trial. The Supreme Court providently denied the defendant's motion. The defendant's excuse that counsel inadvertently failed to notice that the plaintiff's note of issue did not request a jury trial was inadequate (*see Fertik v Fertik*, 264 AD2d 463, 464 [1999]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.