■ THEODOSIA KICHOROWSKY, Appellant, v KENNEDY HOUSES OWNERS, INC., et al., Respondents. [818 NYS2d 266]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated November 29, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On July 2, 2002 the 83-year-old plaintiff was taking a bath in her apartment when a gush of scalding hot water suddenly poured out of the spout, causing her to sustain second-degree and possibly third-degree burns on her buttocks and thigh. The plaintiff subsequently commenced this action to recover damages for personal injuries, relying, in part, on the doctrine of res ipsa loquitur. The defendants moved for summary judgment dismissing the complaint, on the grounds, inter alia, that they neither created nor had actual or constructive notice of the alleged dangerous condition. In support of their motion, the defendants submitted, among other things, the transcript of the deposition of the superintendent of the building in which the plaintiff resided. The superintendent testified that, at the time of the occurrence, there was a thermostatic valve on the building's hot water heater which specifically maintained the temperature within a certain range, and that there also existed a safety device which would reduce the temperature if it exceeded a certain level. The Supreme Court granted the defendants' motion without addressing the plaintiff's invocation of the doctrine of res ipsa loquitur. We reverse.

Where the specific cause of an accident is unknown, a plaintiff seeking to rely on the doctrine of res ipsa loquitur must establish the following elements: (1) that the event was one that would not ordinarily occur in the absence of someone's negligence; (2) that the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) that the accident was not caused by the contributory negligence of the plaintiff (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 494 [1997]; *cf. Fernandez v Ramos,* 300 AD2d 348 [2002]). In opposition to the defendants' establishment, prima facie, of its entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact based upon the applicability of the doctrine of res ipsa loquitur (*see Gurevich v Queens Park Realty Corp.,* 12 AD3d 566, 567 [2004]). Therefore, the Supreme Court erred in granting the defendants' motion. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.