■ ADA ZONA et al., Appellants, v JELD-WEN, INC., et al., Respondents. (Action No. 1.) ADA ZONA et al., Appellants, v JELD-WEN, INC., et al., Respondents. (Action No. 2.) [825 NYS2d 610]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered August 31, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint in action No. 1 and the amended complaint in action No. 2 and denied plaintiffs' cross motion for partial summary judgment on the issue of negligence in action Nos. 1 and 2.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced these actions seeking damages for injuries allegedly sustained by plaintiff Ada Zona when she was struck by an automatic door while standing on the door jamb at defendant Mr. Second's Bargain Outlet. Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint in action No. 1 and the amended complaint in action No. 2 and denied plaintiffs' cross motion seeking partial summary judgment on the issue of negligence in both actions. Defendants met their initial burden by establishing that they did not create the alleged dangerous condition with respect to the automatic door and that they lacked actual or constructive notice of it, and plaintiffs failed to raise an issue of fact (*see Jenkins v Crossway*, 26 AD3d 851 [2006], *lv dismissed* 6 NY3d 892 [2006]; *Fetterly v Golub Corp.*, 300 AD2d 1056, 1057 [2002]; *Bunce v Eastman Kodak Co.*, 299 AD2d 909 [2002]). "Without even the semblance of a foundation based upon facts in the record or personal knowledge, the opinion of plaintiff[s'] expert was purely speculative and, thus, lacked sufficient probative force to constitute prima facie evidence that the [automatic door] was not reasonably safe for its intended use" (*Fallon v Hannay & Son*, 153 AD2d 95, 102 [1989]; *see Geddes v Crown Equip. Corp.*, 273 AD2d 904, 905 [2000]; *see generally Romano v Stanley*, 90 NY2d 444, 451 [1997]).

All concur except Kehoe and Gorski, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Kehoe and Gorski, JJ. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court erred in granting defendants' motion for summary judgment dismissing the

complaint in action No. 1 and the amended complaint in action No. 2. As owners or lessors of the premises in question, where it was known that the public would be invited, defendants had a nondelegable duty to provide the public with a safe means of ingress and egress (*see June v Zikakis Chevrolet*, 199 AD2d 907, 909 [1993]). Here, the store manager testified that the automatic door worked on the day of the accident as it had been designed to, in that it closed whether or not a person was standing in the doorway, and that there were no warning signs located at or near the door. "[W]here, as here, the claim is that the . . . design of the premises was defective, [plaintiffs] need not establish that [defendants] had notice of the condition" (*Richardson v Schwager Assoc.*, 249 AD2d 531, 532 [1998], citing *June*, 199 AD2d at 909).

Contrary to the view of the majority, we believe that defendants did not meet their burden in the first instance inasmuch as they failed to establish that maintaining the premises with such a door and no warning signs was reasonably safe in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Leone v County of Monroe*, 284 AD2d 975 [2001]). For example, defendants did not establish that the door, as designed, was consistent with industry standards or that it was not feasible to install a door that would not automatically close when a person was in its path (*see generally Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]). Because defendants were in total control of the door, we believe the burden did not shift to plaintiffs and therefore any deficiencies in the opinion of plaintiffs' expert are irrelevant. We therefore would modify the order by denying defendants' motion and reinstating the complaint in action No. 1 and the amended complaint in action No. 2. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.