■ Victor Garrido, Appellant, v International Business Machine Corp. (IBM) et al., Respondents. (And a Third-Party Action.) [832 NYS2d 71]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated August 5, 2005, as, upon an order of the same court entered April 12, 2005, granting the motion of the defendant Otis Elevator Corp. for summary judgment dismissing the complaint insofar as asserted against it and granting those branches of the separate motions of the defendant Grubb & Ellis Management Co. and the defendant International Business Machine Corp. (IBM) which were for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Otis Elevator Corp. and Grubb & Ellis Management Co., the motion of the defendant Otis Elevator Corp. for summary judgment dismissing the complaint insofar as asserted against it and that branch of the motion of the defendant Grubb & Ellis Management Co. which was for summary judgment dismissing the complaint insofar as asserted against it are denied, and the complaint is reinstated and severed insofar as asserted against the defendants Otis Elevator Corp. and Grubb & Ellis Management Co.; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants Otis Elevator Corp. and Grubb & Ellis Management Co. and one bill of costs payable to International Business Machine Corp. by the plaintiff, and the order entered April 12, 2005 is modified accordingly.

In opposition to the prima facie showing of entitlement to summary judgment dismissing the complaint insofar as asserted against the defendants Grubb & Ellis Management Co. (hereinafter Grubb & Ellis) and Otis Elevator Corp. (hereinafter Otis), the plaintiff raised a triable issue of fact (*see Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328-329 [2004]). Contrary to the conclusion reached by the Supreme Court, the plaintiff's submissions established an issue with respect to causation, on

the theory that the accident occurred because of a misleveled elevator. Even though the witness Fernando Augiuzaca, whose affidavit was submitted by the plaintiff, may not have seen the plaintiff fall on his face as he pushed his cart from the elevator, he came upon the scene early enough to view the plaintiff lying on the floor with his feet still in the elevator, which was misleveled by two to three inches. In addition, Augiuzaca had reported a few times before the accident that this elevator malfunctioned. This proof, along with the plaintiff's version of how the accident occurred, constitutes circumstantial evidence that a proximate cause of the accident was a misleveled elevator, a defect of which Grubb & Ellis had prior actual notice. Sufficient circumstantial evidence can raise a triable issue of fact in opposition to a movant's prima facie showing of entitlement to summary judgment (see Lackowitz v City of Yonkers, 29 AD3d 744 [2006]; Lerner v Luna Park Hous. Corp., 19 AD3d 553, 553-554 [2005]). Thus, the plaintiff satisfied his burden in opposition to the motion of Grubb & Ellis.

As to the defendants Otis and International Business Machine Corp. (IBM) (hereinafter IBM), however, the plaintiff does not dispute that they did not receive actual or constructive notice of the misleveling. This concession ends the case against IBM; but, as against Otis, the plaintiff has raised the doctrine of res ipsa loquitur, which suffices to defeat Otis's entitlement to judgment as a matter of law in view of the scope of its contract for repair and maintenance of the elevators (see Kichorowsky v Kennedy Houses Owners, Inc., 31 AD3d 502, 503 [2006]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392 [2006]; Gurevich v Queens Park Realty Corp., 12 AD3d 566, 567 [2004]; Coku v Millar El. Indus., Inc., 12 AD3d 340 [2004]).

Under the doctrine of res ipsa loquitur, all the plaintiff must prove is that the misleveling ordinarily would not occur in the absence of someone's negligence, that it was caused by an instrumentality in the exclusive control of Otis, and that the plaintiff did not contribute to the misleveling (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). As Otis acknowledges, once the inference flows from proof of the elements of res ipsa loquitur, there is no additional requirement that the plaintiff prove that Otis acquired actual or constructive notice of the misleveling (see Dittiger v Isal Realty Corp., 290 NY 492 [1943]; Harmon v United States Shoe Corp., 262 AD2d 1010, 1011 [1999]; Kaplan v New Floridian Diner, 245 AD2d 548 [1997]; Smith v Moore, 227 AD2d 854, 856 [1996]; Parsons v State of New York, 31 AD2d 596, 596 [1968]; cf. Williams v Wal-Mart

*Stores, Inc.,* 10 AD3d 653 [2004]; *Mejia v New York City Tr. Auth.,* 291 AD2d 225, 226 [2002]). Thus, the plaintiff satisfied his burden in opposition to Otis's motion.

Accordingly, the Supreme Court erred in granting summary judgment in favor of Otis and Grubb & Ellis. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.