■ CHARLES SHLOMIAN, Appellant, v 151 WEST ASSOCIATES, LLC, et al., Respondents. [835 NYS2d 400]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated March 8, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when, as he attempted to push a hand truck loaded with fabric through a freight door in a commercial building owned and managed by the defendants, his hand got caught between the rail of the hand truck and the "panic bar" affixed to the door. The plaintiff commenced this

action against the owner and management company of the building, alleging negligence in maintaining the panic bar. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and we affirm.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they did not create, or have actual or constructive notice of, the condition which the plaintiff alleges caused his injury (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *O'Connor v Circuit City Stores, Inc.*, 14 AD3d 676 [2005]). In response, the plaintiff failed to raise a triable issue of fact. The Supreme Court properly rejected the expert's reports as speculative and conclusory (*see Romano v Stanley*, 90 NY2d 444 [1997]; *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 n 2 [1991]; *Reyes v City of New York*, 29 AD3d 667 [2006]). The plaintiff offered no evidence to refute the superintendent's deposition testimony that the protective end cap of the panic bar was in place when he inspected the door the day of, but before, the plaintiff's accident. Accordingly, the defendants' motion was properly granted. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.