■ JEAN ROBERT GASPARD, Appellant, v BARKLY COVERAGE CORP. et al., Defendants, and WESTINGHOUSE ELEVATOR CORP., Defendant and Third-Party Plaintiff-Respondent. NEW YORK ELEVATOR, Third-Party Defendant-Respondent. [885 NYS2d 542]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 26, 2007, which granted the motion of the defendant Westinghouse Elevator Corp. for summary judgment dismissing the complaint insofar as asserted against it, and granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the appeal from so much of the order as granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs, and the motion of the defendant Westinghouse Elevator Corp. for summary judgment dismissing the complaint insofar as asserted against it is denied.

The complaint alleged that the plaintiff was injured when a freight elevator he was using in the course of his employment suddenly dropped from the 17th floor of a building and abruptly stopped at the 12th floor. The defendant Westinghouse Elevator Corp. (hereinafter Westinghouse) established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of a defective condition in the elevator that would cause a sudden drop and abrupt stop. However, in opposition, the plaintiff raised a triable issue of fact in connection with the applicability of the doctrine of res ipsa loquitur.

"To invoke the doctrine of res ipsa loquitur, the event (1) must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) must not have been due to any voluntary action or contribution on the part of the plaintiff (see *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997])" (*O'Connor v Circuit City Stores, Inc.*, 14 AD3d 676, 677 [2005]). Under the circumstances of this case, there is a triable issue of fact as to the liability of Westinghouse under the doctrine of res ipsa loquitur (see *Morejon v Rais Constr. Co.*, 7 NY3d 203, 212 [2006]; *Antoniato v Long Is. Jewish Med. Ctr.*, 58 AD3d 652, 655 [2009]; *Garrido v International Bus. Mach. Corp. [IBM]*, 38 AD3d 594, 596 [2007]; *Coku v Millar El. Indus., Inc.*, 12 AD3d 340 [2004]; *Carrasco v Millar El. Indus.*, 305 AD2d 353 [2003]). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.