In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered December 12, 2008, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
Ordered that the order is affirmed insofar as appealed from, with costs.
On May 10, 2003, the plaintiff, a porter at a building in Corona, left the building through a side door and allegedly was struck and injured by a bucket of roofing adhesive that fell from the roof. He commenced this action against the defendant, Mumpus Restorations, Inc. (hereinafter Mumpus), which, several weeks earlier, had repaired a section of the roof. The plaintiff alleged that Mumpus workers had left the bucket on the roof when they completed their work. Mumpus moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion with respect to those causes of action alleging common-law negligence and violation of Labor Law § 200. We affirm the order insofar as appealed from.
The defendant established its prima facie entitlement to judgment as a matter of law in connection with the Labor Law § 200 and common-law negligence causes of action by tendering proof in admissible form that its employees did not leave the bucket on the roof and, therefore, did not cause the plaintiffs injuries *517 (see Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654 [2007]; cf. Wein v Amato Props., LLC, 30 AD3d 506, 507 [2006]). In opposition, however, the plaintiff raised triable issues of fact as to the defendant’s liability. First, the plaintiff presented evidence that the defendant’s employees left the bucket on the roof, and that the falling bucket caused his injuries. Moreover, as the Supreme Court properly held, the circumstances reveal a triable issue of fact as to whether the defendant may be held liable under the doctrine of res ipsa loquitur. To invoke that doctrine, a plaintiff is required to show: (1) that the event was “of a kind which ordinarily does not occur in the absence of someone’s negligence”; (2) that it was “caused by an agency or instrumentality within the exclusive control of the defendant”; and (3) that it was not “due to any voluntary action or contribution on the part of the plaintiff’ (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-227 [1986] [citation and internal quotation marks omitted]; see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Jappa v Starrett City, Inc., 67 AD3d 968, 969 [2009]; Gaspard v Barkly Coverage Corp., 65 AD3d 1188, 1189 [2009]). Of these three elements, the defendant contests only the second, but the evidence established that access to the roof was limited, and there is an issue of fact as to whether access to the roof was sufficiently exclusive to the defendant’s employees between the time the bucket allegedly was left on the roof and the time of the incident (see Fields v King Kullen Grocery Co., 28 AD3d 513, 514 [2006]; O’Connor v Circuit City Stores, Inc., 14 AD3d 676, 677-678 [2005]; cf. Durso v Wal-Mart Stores, 270 AD2d 877 [2000]). Accordingly, the Supreme Court properly denied those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
We note that the defendant does not argue on this appeal that he did not owe a duty to the plaintiff under Labor Law § 200. Consequently, we do not address that issue (see Misicki v Caradonna, 12 NY3d 511, 518-519 [2009]). Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur. [Prior Case History: 21 Misc 3d 1141(A), 2008 NY Slip Op 52472(U).]