■ Joanne Tapia et al., Respondents, v Schindler Elevator Corporation, Appellant. (And a Third-Party Action.) [942 NYS2d 892]—In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 21, 2010, as denied those branches of its motion which were for summary judgment dismissing the complaint or, in the alternative, to strike the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, the evidence it submitted in support of that branch of its motion which was for summary judgment dismissing the complaint failed to establish its prima facie entitlement to judgment as a matter of law (*see Green v City of New York*, 76 AD3d 508, 509 [2010]; *see generally Gaspard v Barkly Coverage Corp.*, 65 AD3d 1188, 1189 [2009]; *Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611, 612 [2007]; *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]). Therefore, the Supreme Court properly denied that branch of the defendant's motion regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court did not improvidently exercise its discre-

tion in declining to strike the plaintiffs' complaint pursuant to CPLR 3126 (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Polsky v Tuckman*, 85 AD3d 750 [2011]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.