Lofton v Colon (2025 NY Slip Op 04327)

Lofton v Colon

2025 NY Slip Op 04327

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

413 CA 24-00762

[*1]GRADY E. LOFTON, PLAINTIFF-APPELLANT,
v
JEANETTE COLON, DEFENDANT-RESPONDENT. 

CANTOR, WOLFF, NICASTRO & HALL, LLC, BUFFALO (DAVID J. WOLFF, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JOHN WALLACE, BUFFALO (JUSTIN P. HARMON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 29, 2024 in a personal injury action arising from a motor vehicle accident. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: In this personal injury action arising from a rear-end motor vehicle accident in July 2018, plaintiff appeals from an order that granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a qualifying serious injury under Insurance Law § 5102 (d).
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that the plaintiff did not sustain a serious injury caused by the accident" (Banas v Waikiki, 216 AD3d 1413, 1414 [4th Dept 2023] [internal quotation marks omitted]). When reviewing such a motion, we must "view[ ] the evidence in the light most favorable to plaintiff[ ]" as the non-moving party (Mariacher v LPCiminelli, Inc., 225 AD3d 1288, 1292 [4th Dept 2024]) and "giv[e] [plaintiff] the benefit of every reasonable inference" (Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]).
Contrary to plaintiff's contention, Supreme Court properly granted the motion with respect to the 90/180-day category of serious injury (see Licari v Elliott, 57 NY2d 230, 238 [1982]; Burns v McCabe, 17 AD3d 1111, 1111 [4th Dept 2005]). Defendant submitted "competent evidence establishing that plaintiff's activities were not curtailed to a great extent and that [he] therefore did not sustain a serious injury under the 90/180[-day] category of serious injury," and plaintiff failed to raise a triable issue of fact with respect to that category (Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012] [internal quotation marks omitted]).
However, we agree with plaintiff that the court erred in granting the motion with respect to the significant limitation of use and permanent consequential limitation of use categories. In support of her motion, defendant submitted, inter alia, medical records of plaintiff and the affirmed report of a physician who conducted an examination of plaintiff on defendant's behalf. Defendant's physician opined that the 2018 accident "caused a minor exacerbation of a pre-existing problem," but nevertheless concluded that plaintiff "is back to his pre-2018 motor vehicle baseline, and has no disability related to the July 2018 accident," and that plaintiff's "limitations predated the 2018 motor vehicle accident and are related to his preexisting [*2]degenerative condition." However, defendant's physician did not review any of plaintiff's pre-accident medical records or diagnostic imaging, and failed to address the fact that, when plaintiff was discharged in January 2019 from a physical therapy program, he was noted to have reduced range of motion in his lumbar spine, particularly where defendant's physician produced deficits during his own examination.
We conclude that the opinion of defendant's physician is speculative, conclusory, and unsubstantiated and therefore insufficient to meet defendant's initial burden on her motion with respect to the permanent consequential limitation of use and significant limitation of use categories (see Zona v JELD-WEN, Inc., 34 AD3d 1189, 1189 [4th Dept 2006], affd 8 NY3d 911 [2007]; Ashquabe v McConnell, 46 AD3d 1419, 1419 [4th Dept 2007]; see generally Martindale v Town of Brownville, 55 AD3d 1387, 1387 [4th Dept 2008], lv denied 11 NY3d 715 [2009]). Defendant's motion must therefore be denied with respect to those categories, without regard to the sufficiency of plaintiff's opposing papers (see Rivera v Rochester Gen. Health Sys., 173 AD3d 1758, 1760 [4th Dept 2019]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court